IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:13-CV-00611-BO

| | |
|---|---|
| JUDSON WITHAM, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF NEW YORK, )<br>et al., )<br>)<br>    Defendants. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

On August 28, 2013, this Court issued an Order granting Plaintiff's application to proceed *in forma pauperis* and directing him to filed a more particularized complaint setting forth his claims. (DE 2). On September 5, 2013, Plaintiff filed an Amended complaint. (DE 3). Pursuant to 28 U.S.C. § 636(b)(1), this case has been referred to the undersigned to conduct frivolity review in accordance with 28 U.S.C. § 1915. For the reasons that follow, the undersigned finds that the complaint insufficient to survive review.

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss an action determined to be frivolous or malicious, or which fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); *Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A

"frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, this less stringent standard does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–52 (2009); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff's complaint is rambling but references the Universal Declaration on Human Rights and claims that Defendants, State of New York; New York Department of Environmental Conservation; International Paper Co.; Warren County, New York; Lake George Park Commission; and Town of Ticonderoga, New York, manipulated Lake George water levels through their operation of the Lake George Dam. If further alleges that snow and ice were dumped into Lake George and that industrial and municipal sewage was flushed into Ticonderoga Bay and Lake Champlain. As a result of these acts, Plaintiff contends his family's marina was destroyed and seeks, *inter alia*, $200 million in damages.

The amended complaint also contends that these events occurred in 1967–1969 but that Plaintiff only recently discovered these actions when, he alleges, Defendants publically acknowledged them. He asserts that these activities were intentionally kept secret by the Defendants but are contained in records "by the United States Geological Survey's Logging of Lake George Water Levels" and by "published written admissions of Warren County's Lake George Commission." (DE 1-1, ¶ 10).

However, despite being notified that these bare allegations failed to satisfy the notice pleading standard, the amended complaint offers no further factual averments as to the records or Plaintiff's recently-acquired knowledge of them nor offers further detail as to the records of Defendants' admissions. The amended complaint thus fails to satisfy the minimum notice standard articulated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007) (requiring that complaint contain sufficient factual allegations to be "plausible on its face" meaning that the factual content pled allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Additionally, although being informed that the personal jurisdiction was not readily apparent, the amended complaint fails to articulate the "minimum contacts" the Defendants have with this forum state so that the exercise of personal jurisdiction comports with due process. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Ellicott Mach.*, 995 F.2d at 477.

Mindful of the flexible approach afforded a *pro se* complaint, the amended complaint nonetheless fails to state sufficient factual allegations and legal bases to survive

review. Accordingly, it is recommended that the amended complaint be dismissed under 28 U.S.C. §1915.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on September 10, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE