IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-611-BO

| | |
|---|---|
| JUDSON WITHAM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| STATE OF NEW YORK, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb [DE 4]. The Court ADOPTS the M&R.

## BACKGROUND

Plaintiff's complaint references the Universal Declaration on Human Rights, The United States Constitution, and the North Carolina Constitution and claims that defendants, State of New York; New York Department of Environmental Conservation; International Paper Co.; Warren County, New York; Lake George Park Commission; and Town of Ticonderoga, New York, manipulated Lake George water levels through their operation of the Lake George Dam. It further alleges that industrial and municipal sewage was flushed into Ticonderoga Bar and Lake Champlain. As a result of these acts, plaintiff contends his family's marina was destroyed and seeks, *inter* alia, at least $200 million in damages. Magistrate Judge Webb granted the plaintiff's application to proceed *in forma pauperis*. Upon frivolity review, Magistrate Judge Webb found that plaintiff's complaint failed to satisfy the minimum notice standard articulated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). Magistrate Judge Webb also found that the complaint failed to articulate the "minimum contacts" the defendants have with this forum state so that the exercise of personal jurisdiction comports with due process. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff filed an objection to the M&R on September 16, 2013.

## DISCUSSION

A district court is required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the plaintiff has objected mostly to non-material findings by Magistrate Judge Webb. Such objections include: whether plaintiff alleged that chunks of ice and chemicals were dumped into Lake George from Lake Champlain; whether Magistrate Judge Webb properly characterized the complaint as rambling; and whether defendants are immune. These objections are non-material, and Magistrate Judge Webb did not find that any of the defendants were immune. Plaintiff also objects that Magistrate Judge Webb applied an improper pleading standard, but plaintiff fails to cite the controlling *Twombley* and *Iqbal* cases. This Court finds that the Magistrate Judge applied the proper pleadings standard in conducting his frivolity review. Further, plaintiff fails to object to the finding that he failed to adequately allege "minimum contacts" between the defendants and this forum state. Accordingly, the Court adopts Magistrate Judge Webb's M&R, and plaintiff's complaint is dismissed in its entirety.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's M & R [DE 4]. Plaintiff's complaint is DISMISSED. The clerk is directed to enter judgment accordingly and close the file.

SO ORDERED.

This the 23 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE