IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-611-BO

| | |
|---|---|
| JUDSON WITHAM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| STATE OF NEW YORK, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 11]. Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff's complaint references the Universal Declaration on Human Rights, The United States Constitution, and the North Carolina Constitution and claims that defendants, State of New York; New York Department of Environmental Conservation; International Paper Co.; Warren County, New York; Lake George Park Commission; and Town of Ticonderoga, New York, manipulated Lake George water levels through their operation of the Lake George Dam. It further alleges that industrial and municipal sewage was flushed into Ticonderoga Bay and Lake Champlain. As a result of these acts, plaintiff contends his family's marina was destroyed and seeks, *inter* alia, at least $200 million in damages. Magistrate Judge Webb granted the plaintiff's application to proceed *in forma pauperis*. Upon frivolity review, Magistrate Judge Webb found that plaintiff's complaint failed to satisfy the minimum notice standard articulated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). Magistrate Judge Webb also found that the complaint failed to articulate the "minimum contacts" the defendants have with this forum state so that the exercise of personal jurisdiction comports with due process. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This Court adopted

Magistrate Judge Webb's Memorandum and Recommendation and dismissed the case on October 23, 2013. Plaintiff now moves for reconsideration of that judgment.

## DISCUSSION

In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)). Plaintiff contends that the Court committed clear error by improperly applying the pleading standards and improperly treating his pro se complaint too harshly.

Upon review and consideration of plaintiff's arguments and the record, the Court does not find that it committed clear legal error. Plaintiff refuses to recognize the pleading standards laid out in *Twombley* and *Iqbal* and does not convince this Court that they were improperly applied. Further plaintiff argues that the "minimum contacts" standard is irrelevant as applied to this diversity jurisdiction matter, which is clearly untrue. Finally, Magistrate Judge Webb properly handled plaintiff's pro se complaint, acknowledging that it is held to less stringent standards than formal pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but that the lesser standards do no not undermine the requirement that a pleading contain more than labels and conclusions. *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008). Accordingly, plaintiff's motion is DENIED.

SO ORDERED.

This the __7__ day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2